UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL ORLOMOSKI,  )
    #96248 )
           Plaintiff, )    2:10-cv-01250-GMN-LRL
 )
vs. )
 )    **ORDER**
DWIGHT NEVEN, *et al.*, )
 )
           Defendants. )

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).    Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure

12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).          Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

2

## II. INSTANT COMPLAINT

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP Warden Dwight Nevens as well as Lieutenant Richard Liverani, challenging several aspects of his disciplinary proceedings. He claims the following: after a fight in culinary, Dwight Neven placed him in "unlawful" confinement, apparently before he had been found guilty of any charges. Lieutenant Liverani and Neven denied him due process at his disciplinary hearing because they did not allow him to confront his accuser, call witnesses or access counsel (law library assistant per Administrative Regulation 707). Plaintiff alleges violations of his Fifth Amendment due process rights, Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment equal protection rights.

First, plaintiff asserts a claim under the Due Process Clause of the Fifth Amendment. The procedural guarantees of the Fifth and Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff does not allege that any of the defendants are federal actors. Accordingly, plaintiff has failed to state a claim alleging a violation of the Fifth Amendment.

Nor do plaintiff's allegations implicate his Sixth Amendment right to effective assistance of counsel. However, his allegations may implicate his Fourteenth Amendment due process rights. "Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S.

1  539, 556 (1974).  When a prisoner faces disciplinary charges, prison officials must provide
2  the prisoner with (1) a written statement at least twenty-four hours before the disciplinary
3  hearing that includes the charges, a description of the evidence against the prisoner, and an
4  explanation for the disciplinary action taken; (2) an opportunity to present documentary
5  evidence and call witnesses, unless calling witnesses would interfere with institutional
6  security; and (3) legal assistance where the charges are complex or the inmate is illiterate.
7  *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445,
8  454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*,
9  131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir.
10 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995);
11 *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other*
12 *grounds by Sandin*, 515 U.S. 472.
13         Finally, plaintiff claims that other inmates "named" in the alleged altercation were
14 dismissed without sanctions, which he asserts violates his Fourteenth Amendment right to
15 equal protection.  "Prisoners are protected under the Equal Protection Clause of the
16 Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*,
17 418 U.S. 539, 556 (1974).  Prisoners are also protected by the Equal Protection Clause from
18 intentional discrimination on the basis of their religion.  *See Freeman v. Arpaio*, 125 F.3d
19 732, 737 (9th Cir. 1997).  To establish a violation of the Equal Protection Clause, the prisoner
20 must present evidence of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229,
21 239-40 (1976).  Plaintiff has not alleged that defendants intentionally discriminated against
22 him based on race or religion or his membership in any other protected class.  However, as
23 his allegations may implicate his equal protection rights, he has leave to amend this claim.
24         Accordingly, while plaintiff's complaint must be dismissed, as his allegations may
25 implicate his Fourteenth Amendment due process and equal protection rights, he has leave to
26 file an amended complaint in conformance with this order.  If plaintiff elects to proceed in

this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

1  Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to
2  the Clerk of the United States District Court, District of Nevada, 20% of the preceding
3  month's deposits to the account of Daniel Orlomoski, **Inmate No. 96248** (in months that the
4  account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The
5  Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate
6  Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

7  **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
8  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by
9  the Prisoner Litigation Reform Act of 1996.

10  **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

11  **IT IS FURTHER ORDERED** that plaintiff's Fifth and Sixth Amendment claims are
12  **DISMISSED**.

13  **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH**
14  **LEAVE TO AMEND** as described in this order.

15  **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date
16  that this Order is entered to file his amended complaint, if he believes he can correct the
17  noted deficiencies.  The amended complaint must be a complete document in and of itself,
18  and will supersede the original complaint in its entirety.  Any allegations, parties, or requests
19  for relief from prior papers that are not carried forward in the amended complaint will no
20  longer be before the court.

21  **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint
22  as such by placing the words "FIRST AMENDED" immediately above "Civil Rights
23  Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place
24  the case number, **2:10-CV-01250-GMN-LRL**, above the words "FIRST AMENDED"in the
25  space for "Case No."

26  **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not

1 | timely file an amended complaint in compliance with this order, this case may be
2 | immediately dismissed.
3 | **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section
4 | 1983 civil rights complaint form with instructions along with one copy of the original
5 | complaint.
6 | DATED this 9th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge