**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL ORLOMOSKI, #96248 | ) ) ) |
| Plaintiff, | ) 2:10-cv-01250-GMN-LRL |
| vs. | ) ) **ORDER** |
| DWIGHT NEVEN, *et al.*, | ) ) |
| Defendants. | ) ) |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On December 9, 2010, the court dismissed plaintiff's complaint with leave to amend his Fourteenth Amendment due process and equal protection claims (docket #5). The court now reviews the amended complaint (docket #7).

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is

provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP

1  Warden Dwight Nevens as well as Lieutenant Richard Liverani, challenging several aspects of his
2  disciplinary proceedings.  He claims the following: after a fight in culinary, Dwight Neven placed him
3  in "unlawful" confinement, apparently before he had been found guilty of any charges.  Lieutenant
4  Liverani and Neven denied him due process at his disciplinary hearing because they did not allow him
5  to confront his accuser, call witnesses or access counsel (law library assistant per Administrative
6  Regulation 707).  Plaintiff's amended complaint alleges violations of his Fourteenth Amendment due
7  process and equal protection rights.

8        The court dismissed plaintiff's Fifth and Sixth Amendment claims and dismissed the
9  complaint with leave to amend because his allegations potentially implicated his Fourteenth Amendment
10 due process and equal protection rights (docket #5).  With respect to due process: "[p]risoners . . . may
11 not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain
12 rights under the Due Process Clause in no way implies that these rights are not subject to restrictions
13 imposed by the nature of the regime to which they have been lawfully committed . . . ."  *Wolff v.*
14 *McDonnell*, 418 U.S. 539, 556 (1974).  When a prisoner faces disciplinary charges, prison officials must
15 provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary
16 hearing that includes the charges, a description of the evidence against the prisoner, and an explanation
17 for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses,
18 unless calling witnesses would interfere with institutional security; and (3) legal assistance where the
19 charges are complex or the inmate is illiterate.  *See id.* at 563-70; *see also Superintendent, Mass. Corr.*
20 *Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir.
21 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20
22 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995);
23 *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by*
24 *Sandin*, 515 U.S. 472.  Plaintiff states Fourteenth Amendment due process claims against defendants.

25       With respect to plaintiff's Fourteenth Amendment equal protection claims, plaintiff
26 alleges that while the evidence against all accused inmates was the same only he was found guilty of the

charges in violation of equal protection. However, as the court previously explained, plaintiffs are protected from intentional discrimination based on race, religion or membership in a protected class." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997); *see Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff has not alleged that defendants intentionally discriminated against him based on race or religion or his membership in any other protected class. Accordingly, plaintiff's Fourteenth Amendment equal protection claim is dismissed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's Fourteenth Amendment equal protection claims set forth in his amended complaint (docket #7) are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claims set forth in his amended complaint (docket #7) **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's amended complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or

other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 29th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge